**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| LISA C. HICKMAN, | ) | |
| | ) | No. 2:12-cv-03160-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| CYNTHIA D. HINSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the court on plaintiff's motion to remand.  Because removal was untimely, the court grants plaintiff's motion.

## I.  BACKGROUND

This case arises out of an automobile accident between plaintiff Lisa Hickman and defendant Cynthia Hinson that took place on June 21, 2007 in Horry County, South Carolina.  On June 14, 2012, Hickman filed a complaint in the Colleton County Court of Common Pleas, alleging that Hinson disregarded a red traffic signal, failed to yield the right of way, and collided with plaintiff's vehicle, causing substantial injury to plaintiff's person and resulting in extensive medical bills and loss of wages.  Compl. ¶¶ 5-10.

Service was made on August 2, 2012 upon Hinson's statutory agent for service, the South Carolina Department of Motor Vehicles.  See Dkt. No. 1-3.  The Department of Motor Vehicles served Hinson, a non-resident motor vehicle operator, with the Summons and Complaint on August 10, 2012 pursuant to S.C. Code Ann. § 15-9-350 et seq.  On October 2, 2012, Hinson filed an answer in the Court of Common Pleas for Colleton County, and on October 17, 2012 Hinson filed an amended answer.  Neither pleading addressed removal to federal court.

1

Defendant's liability carrier paid its policy limits in exchange for a Covenant Not to Execute from plaintiff.  Def.'s Answer ¶ 42.  On October 3, 2012, Hickman served the Summons and Complaint upon the South Carolina Department of Insurance in order to obtain underinsured motorist coverage, in accordance with S.C. Code Ann. § 38-77-160. The Department of Insurance accepted service on behalf of Geico Indemnity Company (Geico), plaintiff's Underinsured Motorist (UIM) Carrier, and Geico assumed control of the defense.  On November 1, 2012, counsel for Geico filed a Notice of Removal in federal court.

On November 26, 2012, plaintiff filed a motion to remand the action to state court on the ground that defendant failed to remove the case within thirty days after receipt of the pleadings.  See 28 U.S.C. § 1446(b).  Plaintiff asserts that the thirty day period for removal was triggered when Hinson was served on August 10, 2012.  Pl.'s Mem. Supp. Mot. Remand 2.  Geico filed a response in opposition, asserting that the Notice of Removal was timely filed because the applicable service date for determining compliance with 28 U.S.C. § 1446(b) is the date of service upon Geico as the real party in interest. Def.'s Mem. Opp'n Pl.'s Mot. Remand 2.

## II.  DISCUSSION

Geico argues that S.C. Code Ann. § 38-77-160 requires a plaintiff to serve the Summons and Complaint upon the UIM carrier as a precondition to recovery of UIM benefits, and asks the court to find that the statutory right of removal belongs to the UIM carrier.  Def.'s Mem. Opp'n Pl.'s Mot. Remand 3.  Geico supports its position by asserting that § 38-77-160 is intended to protect the UIM carrier's right to defend and protect its interests.  Id.  Plaintiff responds that:  (1) the determination of jurisdiction of this court is

2

governed by federal rather than state law, and under federal law, Hinson failed to timely

remove the case; and (2) even if Geico rather than Hinson were deemed the real party in

interest, there is still no diversity jurisdiction due to the amount in controversy.  Pl.'s

Reply 2-3.

   28 U.S.C. § 1446(b) states in relevant part, "[T]he notice of removal of a civil

action or proceeding shall be filed within 30 days after the receipt by the defendant,

through service or otherwise, of a copy of the initial pleading setting forth the claim for

relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b).  Under 28

U.S.C. § 1447(c), a party may move to remand a case for failure to comply with the

procedural requirements set forth in § 1446(b).  It is well settled that the removal statutes

are to be construed strictly against removal with any doubt resolved in favor of remand.

Shamrock Oil Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Md. Stadium Auth. v.

Ellerbe Becket Inc., 407 F.3d 255, 260 (4th Cir. 2005).

   As the removing party, defendant bears the burden of proving that the case was

properly removed.  Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th

Cir. 1994).  To support its position that removal was proper, Geico argues that S.C. Code

Ann. § 38-77-160, which requires a plaintiff to serve a complaint on a UIM carrier in

order to obtain coverage, "supports a finding that the service date upon the Department of

Insurance controls a UIM carrier's time for removal in order to adequately protect its

interest."  Def.'s Mem. Opp'n Pl.'s Mot. Remand 3 (citing Broome v. Watts, 461 S.E.2d

46, 48 (S.C. 1995)).[1]  However, the determination of whether the elements of removal

---

[1] Defendant relies on Broome v. Watts, 461 S.E.2d 46, 48 (S.C. 1995), a case with similar facts.
However, Broome involved the issue of whether a UIM carrier who assumes the defense under
S.C. Code Ann. § 38-77-160 may be bound by the named defendant's waiver of the right to jury
trial, an issue not present in this case.

jurisdiction have been met is governed by federal law.  Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).  The removal statutes speak of removal only "by the defendant or defendants."  28 U.S.C. §§ 1441, 1446(a).  This language has been interpreted by a number of courts as granting a right of removal to the *named defendant or defendants* in an action.  See, e.g., Dean v. Roberts, No. 05-85, 2006 WL 90072 (N.D. W. Va. Jan. 13, 2006); see also Vaughan v. Vance Dennis Dixon, No. 09-50, 2009 WL 2913617, at *1 n.1 (N.D. W. Va. Sept. 8, 2009); Am. Home Assurance Co. v. RJR Nabisco Holdings Corp., 70 F. Supp. 2d 296 (S.D.N.Y. 1999).

Hinson, and Hinson alone, had the right to remove the action and has the burden of proving that the case was properly removed in accordance with the statutory requirements.  When Geico "assumed control of [Hinson's] defense" and filed a notice of removal, it acted on behalf of Hinson.  S.C. Code Ann. § 38-77-160.  While the UIM carrier may "ha[ve] rights separate and distinct from those of the underinsured motorist," Broome, 461 S.E.2d at 48, Geico is not a party in this case and therefore lacks removal authority.  See Constantin v. Fogle, No. 09-129, 2010 WL 174112, at *2 (N.D. W. Va. 2010) (finding that one non-party UIM carrier was not a "real party in interest" but named defendant UIM carrier was).  Thus, the proper inquiry under 28 U.S.C. § 1446(b) is whether notice of removal was filed within thirty days after Hinson, the named defendant, was properly served with the Summons and Complaint.  The court finds that it was not.  Thus, removal was not timely and remand is required under 28 U.S.C. § 1441(c).

Assuming, *arguendo*, that Geico could properly be considered the real party in interest, and assuming further that the thirty day period for removal began when Geico

was served, remand would still be warranted because Geico cannot satisfy the

requirements for diversity jurisdiction under 28 U.S.C. § 1332.  Subject matter

jurisdiction based on diversity of citizenship requires two basic showings:  (1) that the

action is between citizens of different states; and (2) that the amount in controversy

exceeds $75,000.  28 U.S.C. § 1332(a)(1).  If the court accepted Geico's contention that

it, rather than Hinson, were the real party in interest, the amount in controversy could not

exceed plaintiff's UIM policy limit of $25,000, rendering the amount in controversy well

below that required under 28 U.S.C. § 1332.  See Grimshaw v. State Farm Mut. Auto.

Ins. Co., No. 08-3035, 2008 WL 3539602, at *3 (W.D. Ark. Aug. 11, 2008).

### III.   CONCLUSION

Based on the foregoing, the court **GRANTS** plaintiff's motion for remand.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**January 31, 2013**
**Charleston, South Carolina**